UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:

ROBERT L. LOGSDON                    CASE NO.: 12-10292(1)(13)
MELINDA SUE LOGSDON

               Debtors

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion to Dismiss Case filed by Creditor, Wells Fargo Bank ("Wells Fargo") and the Response thereto filed by the Debtors Robert and Melinda Sue Logsdon ("Debtors"). The Court considered the record before the Court and the arguments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will **GRANT** the Motion to Dismiss and enter the attached Order dismissing this case.

**FACTS**

On March 6, 2012, Debtors filed their Voluntary Petition seeking relief under Chapter 13 of the United States Bankruptcy Code. Debtors signed their Petition on March 3, 2012.

On March 7, 2012, the Court issued a Notice of Deficiency indicating that Debtors had not filed the required Certificate of Credit Counseling or an appropriate motion regarding the Certificate and giving Debtors until March 20, 2012 to file such documents.

On March 12, 2012, Debtors filed their Certificate of Credit Counseling indicating they had received the required credit counseling on March 10, 2012.

On July 18, 2012, Wells Fargo filed its Motion to Dismiss the Case based on Debtors' failure to comply with 11 U.S.C. §109(h).

On August 16, 2012, Debtors filed their Response indicating that Debtor Robert Logsdon is an over-the-road truck driver and that the Debtors could not complete their credit counseling prior to the date they filed their Petition due to his work schedule.

## ARGUMENT

Section 109 of Title 11 under the United States Bankruptcy Code sets forth the statutory requirements as to who is eligible to be a debtor.  The statute provides, in pertinent part,

> . . . an individual may not be a debtor under this title unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received from an approved non-profit budget and credit counseling agency described in section 111(a) an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis.

11 U.S.C. §109(h).

Rule 1007 of the Federal Rules of Bankruptcy Procedure mandates that an individual debtor file a statement of compliance with the credit counseling requirements of 11 U.S.C. §109(h) along with the Petition.  There are three exceptions to the filing of the credit

counseling certificate under §109(h) with the petition, two of which do not apply to this case. The third exception requires the debtor to obtain a temporary waiver of the requirement if the debtor files a certification describing exigent circumstances and stating that the debtor requested credit counseling services but was unable to obtain the services within seven days from the date of the request. 11 U.S.C. §109(h)(3). This is a temporary waiver only and may not be extended beyond 45 days from the date of the filing of the Petition.

Post-petition credit counseling may only be done by leave of Court and may only be granted where the filing is prompted by exigent circumstances and where the debtor has actually tried to obtain credit counseling pre-petition. *In re Burrell*, 339 B.R. 664, 667 (Bankr. W.D. Mich. 2006). In the case at bar, there was no request for a waiver of the filing of the credit counseling certificate pre-petition. No exigent circumstances have been presented to the Court, other than Debtors' claim in their Response to the Motion to Dismiss that Debtor Robert Logsdon's work schedule prevented the Debtors from obtaining the credit counseling services pre-petition.

This Court has no discretion to waive the credit counseling certification requirements or grant an extension, unless a certification which meets all three requirements of the statute is filed by the debtor. *Clippard v. Bass*, 365 B.R. 131, 135 (W.D. Tenn. 2007). No such certification was filed in this case.

Recently, Judge Stout summarized the law in this jurisdiction as follows:

> As the Sixth Circuit Bankruptcy Appellate Panel held in *In re Ingram*, 460 B.R. 904 (6th Cir. BAP 2011), 'the Bankruptcy Code does not expressly state whether dismissal of a case is mandated where a debtor fails to satisfy the requirement of §109(h).' *In Ingram*, the BAP confirmed the Bankruptcy Court's dismissal of a case due to the debtor's failure to comply with §109(h). '<u>Compliance with §109(h) is a prerequisite to obtaining relief under the Bankruptcy Code. By definition, an individual may not be a debtor who is eligible for bankruptcy relief unless he has complied with §109(h).</u>' *Id.* at 910. (Emphasis added).

*In re Gordon*, 467 B.R. 639, 642 (Bankr. W.D. Ky. 2012).

As in *Ingram* and *Gordon*, the Debtors in this case did not comply with the requirements of §109(h), or even seek a deferral or waiver of the credit counseling requirement. As such, Debtors are ineligible *ab initio* to be debtors under 11 U.S.C. §109(h). Accordingly, this case must be dismissed.

## **CONCLUSION**

For all of the above reasons, the Court will enter the attached Order granting the Motion to Dismiss of Wells Fargo.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: August 29, 2012

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:

ROBERT L. LOGSDON
MELINDA SUE LOGSDON

CASE NO.: 12-10292(1)(13)

<u>             Debtors             </u>

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated hereby by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss Case filed by Creditor Wells Fargo Bank against Debtors Robert and Melinda Sue Logsdon, be and hereby is, **GRANTED**. This case is dismissed without prejudice.

*/s/ Joan A. Lloyd*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: August 29, 2012